FREDERICK M. PINGREE *vs.* HUDSON RIVER INSURANCE COMPANY
& Trustee.

An attachment by trustee process against a foreign corporation is defeated by a certifica{
of discharge of the trustee in insolvency.

TRUSTEE PROCESS against a foreign corporation, and John S
Tyler as trustee, who answered that on the 15th of August 1854
the time of service, he had funds in his possession ; that on th
25th of August he received a written notice, dated the 10th of
August, from John O. Mott, informing him that Mott had been
duly appointed in New York to take possession of all the goods
and credits of the corporation, wheresoever existing; that he af-
terwards received a copy of a decree made by the supreme court
of New York in October 1854, adjudging the corporation in-
solvent, and dissolving it, except so far as was necessary to
enable Mott, who was appointed by the decree a receiver, to
collect debts and recover property in its name; and that on the
16th of September 1854 Tyler applied for the benefit of the in-
solvent laws, and all his goods were taken possession of by a
messenger, including the sum due from him to the corporation,
and he afterwards received his certificate of discharge in insol-
vency.

*C. W. Loring*, for the plaintiff.

*J. W. May*, for the trustee.

DEWEY, J.    Under the decisions of this court in *May* v. *Breed*,
7 Cush. 41, and others of like character, we suppose it must
be assumed that the assignment of the assets of the principals
in New York, under the insolvent laws of New York, would
not have any validity as against an attachment made here by
one of our citizens, seeking to collect a demand due here.

It appears that insolvent proceedings had been instituted
against the principal in the State of New York before the ser-
vice of the trustee process in Massachusetts, if we give effect to
the statement of the trustee in his answer, and the letter therein
referred to ; but however that may have been, they were only

the commencement of proceedings, and no order had been passed declaring the principal insolvent, and requiring the suspension of all further business and the liquidation of all its affairs, until after the attachment by the trustee process upon the defendant had been duly served. Nor can the position be maintained that this was a defunct corporation, and no judgment could therefore be rendered against it in October 1854, as the facts do not show that the corporation was actually dissolved, but on the contrary its corporate existence and name were continued for the purpose of closing its concerns.

Independently of the proceedings in insolvency in Massachusetts in reference to John S. Tyler, the supposed trustee, there would seem to be no question as to charging him.

But it appears that on the 16th of September 1854, one month after the service of this trustee process and attachment, the trustee became the subject of insolvent proceedings in Massachusetts, and those proceedings were regularly continued to their proper completion.

Had the original suit by Pingree been one of an attachment of the property of Tyler, then, by force of our insolvent law, *St.* 1838, *c.* 163, such attachment would have been dissolved. But the attachment here made was an attachment of the property of the Hudson River Insurance Company, and not an attachment of the goods, estate or credits of Tyler. The Hudson River Insurance Company have not been the subject of any proceedings under our insolvent law, and no attachment of their property or effects has been discharged therefor under the provisions of *St.* 1838, *c.* 163.

The proceedings in insolvency against Tyler, if they have any effect to defeat the attachment of the credits of the Hudson River Insurance Company in his hands, must so operate because the continuance of the same would be in contravention of the principles of our insolvent law, and in contravention of the rights secured to Tyler as an insolvent debtor.

As regards all cases of such party being summoned as trustee of any goods, effects or credits of any creditor of the insolvent who was a citizen of Massachusetts, the discharge of the trus-

tee from his preëxisting debts would of itself be a good bar, and a discharge of the trustee process. But it is said that Tyler's debt to a citizen of a foreign state would not, by force of a state insolvent law, necessarily be barred. This is so; and if the question were between such citizen of a foreign state and Tyler, this would seem to be a good answer to any defence set up under such discharge in insolvency. But the question is of a different character. It is between a creditor of a citizen of a foreign state, or, to state the case more accurately, a foreign corporation. And the inquiry is, whether the continuance of the attachment is not incompatible with the provisions of the insolvent law in respect to foreign creditors. It is true that they may not be bound to come here and file their claims against the insolvent, and take their *pro rata* dividends. But they have a right so to do, and the debtor has the right to have this privilege, and the benefits that would result to him therefrom by way of a discharge, unaffected by any proceedings against him to secure a debt of a third person.

It would seem therefore that the service of the trustee process upon Tyler should not prevent the proving of the claim of a foreign creditor before the insolvency court in Massachusetts; and, if proved, it would of course be discharged, or be liable to be discharged, in the same manner as the other debts of the insolvent. Such debts might also be a component part of the debts in reference to which a majority of the creditors might signify their assent to a discharge of the insolvent. These proceedings which are secured to the parties, and which may be beneficial to the debtor, will be materially affected if this trustee process is maintainable, and the trustee charged thereon. In the opinion of the court, the proceedings in insolvency having been instituted against John S. Tyler, the supposed trustee, before he was charged as trustee, constitute a sufficient reason for discharging him from liability in this suit.

*Trustee discharged.*